IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | CIVIL ACTION NO. 1:06-CV-1744 |
| Petitioner | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **K.F. HOGSTEN, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

Presently before the Court is a petition for a writ of mandamus, filed by Petitioner Darnell Stanley, an inmate currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. Petitioner is requesting that the Court direct Respondents to provide him with a copy of the 2001 Edition of the District of Columbia's Court Rules of Criminal Procedure. For the reasons that follow, the petition will be denied.

**I.    BACKGROUND**

Petitioner was sentenced in the Superior Court of the District of Columbia and subsequently transferred to the custody of the Bureau of Prisons ("BOP") pursuant to section 11201(b) of Title XI, District of Columbia Revitalization, of the Balanced Budget Act of 1997 ("1997 Revitalization Act"), H.R. 2015, 105th Congress (1997), Pub. L. 105-33, 111 Stat. 251, 734 (Lexis).[1]

On August 14 and 15, 2006, Petitioner requested that BOP officials at FCI-Allenwood

---

[1] The United States Congress ordered the District of Columbia to close its correctional complex in Lorton, Virginia, by December 31, 2001, and directed that "the felony population sentenced pursuant to the District of Columbia Code residing at the Lorton Correctional Complex shall be transferred to a penal or correctional facility operated or contracted for by the Bureau of Prisons." 111 Stat. at 734.

provide him the 2001 Edition of the District of Columbia's "Superior Court - Criminal Procedure Court 'Rules' Preliminary Proceedings." (Doc. No. 1-2, at 2-3.) In response, FCI-Allenwood officials informed Petitioner that he could either purchase the publication on his own or request it from the Lewisburg Prison Project or the Senate Printing and Document Services office, as the BOP is not required to have that publication in the FCI-Allenwood law library. (Id.) Specifically, under BOP Program Statement ("BOP P.S.") 1315.07, Legal Activities, Inmate, FCI-Allenwood is required to provide certain legal reference materials in its law library. (BOP P.S. 1315.07, Attachment A & C, Doc. No. 8-2, at 28-35.) Included in this list of required legal materials is the complete set of the District of Columbia Code Annotated and the Maryland Reporter, which contains the District of Columbia Court of Appeals cases. (Id. at 28.) However, the BOP "is not mandated to provide state case law and other state legal materials." (BOP P.S. 1315.07 at 2(d), Doc. No. 8-2, at 7.) Rather, "[s]tate officials are responsible for providing state legal assistance and/or state legal materials to state inmates transferred to Federal custody." (Id. at 7(c)(3), Doc. No. 8-2, at 11.)

On September 6, 2006, Petitioner filed a petition for a writ of mandamus in this Court (Doc. No. 1), requesting the Court direct Respondents to provide him with the relevant District of Columbia publication.[2] On September 11, 2006, Respondents were directed to answer the petition. (Doc. No. 5.) The matter is now ripe for disposition.

## II.   DISCUSSION

---

[2] In their response to the petition, Respondents assert that Petitioner did not exhaust his administrative remedies with respect to his request for this particular publication, but that he did, in 2004, exhaust on a request that District of Columbia legal materials, in general, be maintained in the FCI-Allenwood law library. (See Doc. No. 8, at 2 n.1.) As such, the Court will address the instant petition on the merits.

The remedy of mandamus is a drastic measure "to be invoked only in extraordinary situations." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980)). A mandamus petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a clear and indisputable right to the issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976)); see also Coombs v. Staff Attorneys of Third Circuit, 168 F. Supp. 2d 432, 434 (E.D. Pa. 2001) (stating that petitioners seeking mandamus from a district court must demonstrate that they lack adequate alternative means to obtain the relief they seek and they carry the burden of showing that their right to issuance of the writ is clear and indisputable).

In the instant case, Petitioner has not demonstrated his right to mandamus relief. Initially, Petitioner has not shown that there is no other means by which he can obtain the desired relief. Specifically, in the response to Petitioner's request for the District of Columbia's Superior Court Rules, Respondents informed him that he could either purchase the publication himself or request assistance from the Lewisburg Prison Project or the Senate Printing and Document Services office. In his petition, Petitioner does not assert that he was unable to purchase the materials himself or that he was unsuccessful in requesting the materials from the BOP's suggested sources. Rather, he contends that by denying him the requested materials, the BOP has denied him the constitutional right of access to the courts. (See Doc. No. 1, at 7.) However, under BOP P.S. 1315.07, the BOP is not required to provide state legal materials. Instead, state officials are responsible for providing state legal materials to state inmates transferred to Federal custody. There is nothing in the record to indicate that Petitioner has

requested the legal materials from District of Columbia officials.  Thus, Petitioner has not shown at this point that he has no other adequate means of obtaining his desired relief.  In addition, Petitioner's right to mandamus is not clear and indisputable since Respondents have no duty to provide or maintain the requested state legal material in their law library for use by inmates.  The state itself, here the District of Columbia, has that responsibility.  Thus, the petition for a writ of mandamus will be denied.

### III.    ORDER

**AND NOW**, this 26th day of September, 2007, upon consideration of the petition for a writ of mandamus (Doc. No. 1), and for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The petition for a writ of mandamus (Doc. No. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania